# EXHIBIT 1

Insurance Commissioner
**ACCEPTED SOP**

JAN 25 2022

TIME:

1
2
3
4
5
6
7

FILED
1/12/2022
Timothy W Fitzgerald
Spokane County Clerk

8

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

| INFINITY ROOFING & SIDING, INC., Plaintiff, v. STATE FARM FIRE AND CASUALTY COMPANY, Defendant, | CAUSE NO. 22-2-00133-32 **SUMMONS (40 days)** |
| --- | --- |

9

10      TO THE DEFENDANT: A lawsuit has been started against you in the above entitled

11  court by Infinity Roofing & Siding, Inc., Plaintiff. Plaintiff's claim is stated in the written

12  complaint, a copy of which is served upon you with this summons.

13      In order to defend against this lawsuit, you must respond to the complaint by stating

14  your defense in writing, and by serving a copy upon the person signing this summons within 40

15  days after the service of this summons, excluding the day of service, upon the Office of the

16  Insurance Commissioner, State of Washington (RCW 48.02.200), or a default judgment may be

Infinity v. State Farm
(GetHab – Summons to SF)

Lindsey Law, PLLC
15501 N. Adeline Ln.
Spokane, WA 99208
P. 855.472.6225  F.888.938.1717

1  entered against you without notice. A default judgment is one where plaintiff is entitled to what

2  she or he asks for because you have not responded. If you serve a notice of appearance on the

3  undersigned person, you are entitled to notice before a default judgment may be entered.

4        You may demand that the plaintiff file this lawsuit with the court. If you do so, the

5  demand must be in writing and must be served upon the person signing this summons. Within 14

6  days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service

7  on you of this summons and complaint will be void.

8        If you wish to seek the advice of an attorney in this matter, you should do so promptly

9  so that your written response, if any, may be served on time. This summons is issued pursuant to

10  Rule 4 of the Superior Court Civil Rules of the State of Washington.

11

12                                    **LINDSEY LAW, PLLC**

13
14                                    By:_____
15                                    WSBA #54535
16                                    15501 N. Adeline Ln.
17                                    Spokane, WA 99208
18                                    855.472.6525 – Ofc Telephone
19                                    888.938.1717 -- Facsimile
20                                    travis@lindseypllc.com
21
22                                    **ATTORNEY FOR PLAINTIFF**
23                                    **INFINITY ROOFING & SIDING, INC.**
24

Infinity v. State Farm                          Lindsey Law, PLLC
(GetHab – Summons to SF)                        15501 N. Adeline Ln.
                                                Spokane, WA 99208
                                                P. 855.472.6225  F.888.938.1717

1

2

3

4

5

6

7

Insurance Commissioner
**ACCEPTED SOP**

JAN 2 5 2022

TIME: 8 AM

FILED
1/12/2022
Timothy W Fitzgerald
Spokane County Clerk

8

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

| INFINITY ROOFING & SIDING, INC., Plaintiff, v. STATE FARM FIRE AND CASUALTY COMPANY, Defendant, | **CAUSE NO.** 22-2-00133-32 **COMPLAINT and DEMAND FOR JURY TRIAL** |

9

10    COME NOW, Infinity Roofing & Siding, Inc. (hereinafter referred to as "Plaintiff"

11    and/or "Infinity"), by and through its counsel of record, hereby files its Complaint and Demand

12    for Jury Trial (the "Complaint") complaining of State Farm Fire and Casualty Company and

13    respectfully shows as follows:

14    **PARTIES, VENUE, AND JURISDICTION**

15    1.    Plaintiff, Infinity Roofing & Siding, Inc. is business entity organized and existing

16    under and by virtue of the laws of the State of Texas and is duly authorized to conduct business,

17    and does conduct business, in the State of Washington.

18    2.    Defendant State Farm Fire and Casualty Company (hereinafter referred to as

Page **1** of **19**

Infinity v. State Farm
(GetHab – Complaint)

Lindsey Law, PLLC
15501 N. Adeline Ln.
Spokane, WA 99208
P. 855.472.6225  F.888.938.1717

1    "Defendant" and/or "State Farm") is a domestic insurance company engaging in the business of

2    insurance in the State of Washington, for the purposes of Section 284-30-330, et seq., WAC.

3    Defendant State Farm is a foreign corporation with a principal office located in McClean County,

4    Illinois. Defendant State Farm may be served with process through the Washington State Office

5    of the Insurance Commissioner.

6        3.        State Farm is subject to this Court's jurisdiction because it conducts business in the

7    State of Washington, County of Spokane, and Plaintiff's causes of action arise out of the

8    Defendant's business activities in Spokane County, Washington.

9        4.        Venue is proper in Spokane County, pursuant to RCW 4.12.010, as the "Property"

10   that is the subject of this action (defined hereinbelow) is situated in Spokane County. Venue is

11   also proper in Spokane County, pursuant to RCW 4.12.020, as Plaintiff's cause(s) arose, in whole

12   or in part, in Spokane County. Further, venue is proper in Spokane County, pursuant to RCW

13   4.12.025, as the basis of this action is based on business transacted by State Farm in Spokane

14   County.

15                              **GENERAL ALLEGATIONS**

16       5.        Plaintiff alleges that all conditions precedent and necessary to maintain this action

17   and the Claim under the Policy have been performed, occurred, or have been waived by State

18   Farm; or State Farm is otherwise estopped from raising same due to State Farm's prior breach of

19   the insurance contract.

20       6.        Any failures that may have occurred on behalf of the Insured (defined

21   hereinbelow) and/or Plaintiff has not prejudiced the Defendant in this case.

22       7.        Getnet Tefferi and Melaku Habtamua (collectively referred to herein as the

23   "Insured") is/are the owner(s) of property located at 3511 W. Horizon Ave., Spokane, Spokane

Infinity v. State Farm
(GetHab – Complaint)

Lindsey Law, PLLC
15501 N. Adeline Ln.
Spokane, WA 99208
P. 855.472.6225  F.888.938.1717

1    County, Washington 99208 (the "Property"). The Property was insured by insurance policy

2    number 47CUB2096, issued by Defendant (the "Policy"). Insured is the owner of the Policy, and

3    the named insured on the Policy.

4        8.        On or about January 13, 2021, or another time when the Policy was in effect, a

5    severe wind and/or hailstorm caused substantial damage to the Property and constituted a covered

6    loss under the Policy. After becoming aware of the damages to the Property as a result of the

7    storm, Insured made a claim (claim no. 4715Q256X) and sought indemnification and payment

8    from State Farm for damages to the Property and other damages covered by the terms of the

9    Policy (the "Claim"). After Insured made the Claim, State Farm failed to comply with the Policy,

10    the Washington Insurance Fair Conduct Act, and  the Washington Consumer Protection Act.

11    Further, State Farm has refused to pay all amounts due and owing under the Policy for the Claim.

12        9.        State Farm performed an inspection of the Property at some point after January 19,

13    2021 and before or on March 4, 2021. This inspection was insufficient as it failed to incorporate

14    the full extent of covered loss, which was known, or should have been known, to State Farm

15    during the initial inspection, which led to a substantial undervaluation of the covered damages and

16    the Claim.

17        10.        At some point after January 19, 2021 and before or on March 4, 2021State Farm

18    assigned the Claim to an adjuster, Teisha Joseph-Whitfield ("Whitfield"), who, based on

19    information and belief, is an employee or contractor of Crawford & Company, Inc., a consultant

20    or subcontractor or third-party claims administrator for State Farm, to develop a report/scope of

21    work/estimate on behalf of State Farm. State Farm's adjuster ignored and overlooked extensive

22    and widespread storm-caused damages which led to a substantial undervaluation of the covered

23    damages and the Claim.

Infinity v. State Farm
(GetHab – Complaint)

Lindsey Law, PLLC
15501 N. Adeline Ln.
Spokane, WA 99208
P. 855.472.6225  F.888.938.1717

1    11.    On or about March 4, 2021, Defendant denied Insured's full Claim by issuing a

2    substantially undervalued scope of work and coverage determination, below Insured's deductible

3    amount. In Defendant's substantial undervaluation of the Claim, it acknowledged storm-caused

4    damage to the Property and provided a written report/scope of work/estimate dated March 4,

5    2021, opening coverage for the storm-caused damage as follows:

6    a.  $5,901.25 Replacement Cost Value comprised of:

7    • $3,411.10 Actual Cash Value; and

8    • $2,490.15 Depreciation Value.

9    12.    State Farm's acceptance of coverage for $5,901.25 Replacement Cost Value falls

10    below the Insured's deductible amount of $5,952.00. This amount is a substantial undervaluation

11    of the existing storm-caused damages and is far below the true costs needed to indemnify the

12    Insured and place the Property back into its pre-loss/pre-storm condition.

13    13.    Feeling helpless and without recourse, on or about May 3, 2021, Insured assigned

14    its rights and benefits with regard to the Claim to Plaintiff.  Assignments such as this are

15    recognized and enforced by Washington Courts, wherein the assignee, in this case the Plaintiff,

16    "steps into the shoes" of the assignor, in this case the Insured. See, e.g. *Steinmetz for benefit of*

17    *Palmer v. Hall-Conway-Jackson, Inc., 741 P.2d 1054, 49 Wn.App. 223* (Wash. App. 1987); *Home*

18    *Indemnity Co. v. McClellan Motors, Inc., 77 Wash.2d 1, 3, 459 P.2d 389* (1969); *Association*

19    *Collectors, Inc. v. Hardman, 2 Wash.2d 414, 98 P.2d 318* (1940); and *Young v. American Can*

20    *Co., 131 Wash. 374, 230 P. 147* (1924).

21    14.    Because of Defendant's wrongful conduct, acts, and/or omissions, Plaintiff was

22    forced to retain the professional services of the law firm who is representing Plaintiff with respect

23    to these causes of action.

Infinity v. State Farm
(GetHab – Complaint)

Lindsey Law, PLLC
15501 N. Adeline Ln.
Spokane, WA 99208
P. 855.472.6225  F.888.938.1717

15.     On June 10, 2021, Plaintiff sent notice to State Farm pursuant to RCW 48.30.015(8), the "IFCA Notice," which was subsequently forwarded to the Washington State Office of the Insurance Commissioner by Plaintiff on October 26, 2021.

16.     The IFCA Notice included a recitation of Insured and Plaintiff's actual damages for the Claim as known and calculated at the time, in the amount of **$78,384.97**, calculated as follows:

| | |
|---|---|
| Repair costs (Replacement Cost Value): | $ 84,336.97 |
| Prior Payments: | $     (0.00) |
| Deductible: | $  5,952.00 |
| **Total:** | **$ 78,384.97** |

17.     On June 16, 2021, State Farm acknowledged receipt of the IFCA Notice in an email to Plaintiff's counsel, calling the IFCA Notice a "Letter of Representation."   In this response to the IFCA Notice, State Farm stated that it intended to engage the services of an "engineer" for a re-inspection of the Property.

18.     On June 25, 2021, State Farm informed Plaintiff that State Farm intended to deploy an "engineer" from/through "Rimkus Special Client Group," an affiliate, subsidiary, or division of Rimkus Consulting Group, Inc. (collectively "Rimkus").

19.     On June 29, 2021, Plaintiff informed State Farm that it objected to Defendant's use of Rimkus, due to Rimkus' public and well-established history of wrongful conduct, acts, and/or omissions, citing several lawsuits against Rimkus, and congressional testimony regarding wrongful conduct of Rimkus. Plaintiff further requested that State Farm reconsider the use of Rimkus and permit Insured to select an engineer for inspection of the Property. Plaintiff further objected to Defendant's use of an "engineer" in and of itself, as an  outcome-oriented strategy to

Infinity v. State Farm
(GetHab – Complaint)

Lindsey Law, PLLC
15501 N. Adeline Ln.
Spokane, WA 99208
P. 855.472.6225  F.888.938.1717

1    deny and/or undervalue coverage for the Claim.

2        20.        Nonetheless, State Farm proceeded to have Daniel S. Grant, a representative of

3    Rimkus, who is in fact not an "engineer," as State Farm repeatedly misrepresented, but rather, is

4    an architect, perform an inspection of the Property on June 30, 2021. A representative of Plaintiff,

5    Nathan Norman, attended the inspection and made two short video recordings of the Rimkus re-

6    inspection.

7        21.        On or about July 15, 2021, Defendant sent a letter dated July 15, 2021 stating that

8    State Farm was not changing its original adjustment of the claim, relying on the Rimkus

9    inspection and report, standing by its original partial denial and substantial undervaluation of the

10   Claim.

11       22.        The July 15, 2021 letter was the first time any explanation was given to Insured or

12   Plaintiff for the partial denial/substantial undervaluation of the Claim by Defendant.

13       23.        Defendant's transmission of the Rimkus report to Plaintiff was by email notice on

14   July 22, 2021, by and through a proprietary document sharing system of Defendant's requiring

15   Plaintiff to obtain log-in credentials, which were denied by the State Farm system during

16   Plaintiff's attempts to obtain copies of the Rimkus report.

17       24.        On July 29, 2021, Plaintiff informed Defendant of the problems logging in to the

18   proprietary system and stated a preference that documents be shared with Plaintiff by way of

19   direct email to Plaintiff's legal counsel.

20       25.        On August 2, 2021, Defendant again provided log-in credentials to Plaintiff for the

21   State Farm system, instead of simply sending them via direct email delivery. Plaintiff was finally

22   able to log into the State Farm system, however the Rimkus report was not accessible, as

23   extracting it required specific software that Plaintiff did not have at the time.  Plaintiff alleges that

Infinity v. State Farm
(GetHab – Complaint)

Lindsey Law, PLLC
15501 N. Adeline Ln.
Spokane, WA 99208
P. 855.472.6225  F.888.938.1717

1    Defendant's practice of requiring log-in to its proprietary system and requirement of specific

2    software to obtain copies of pertinent Claims documents is, in and of itself, a strategy designed to

3    delay claims processing and communication, and to burden, harass, and intimidate Insured,

4    Plaintiff, and those similarly situated.

5        26.       On August 3, 2021, Plaintiff again requested that Defendant share the Rimkus

6    report with Plaintiff by way of direct email, fax, or overnight hardcopy delivery.

7        27.       Despite Plaintiff's requests for expedited electronic or overnight delivery, on

8    August 4, 2021, Defendant informed plaintiff that a hardcopy of the Rimkus report would be sent

9    by regular US mail.

10        28.       Plaintiff finally received the Rimkus report on or about August 10, 2021, in a

11    format that was printed in extremely small print at approximately one-quarter (1/4) the size of

12    normal letter size print, which Plaintiff alleges Defendant sent in bad faith, intended to burden,

13    harass, and intimidate the Insured and Plaintiff.

14        29.       On August 10, 2021, upon receipt of the small print Rimkus report from

15    Defendant, Plaintiff informed Defendant, that the small print version was unacceptable, and again

16    requested that Defendant a readable, "normal," "letter" size version be transmitted to Plaintiff via

17    overnight delivery, since Defendant had thus far failed and refused to share any documents (other

18    than a certified copy of the Policy) via direct email attachment.

19        30.       On August 11, 2021, Defendant sent another copy of the Rimkus report via

20    overnight delivery, however when Plaintiff received such copy, it was again in extremely small

21    print at approximately one-quarter (1/4) the size of normal letter size print. Plaintiff again alleges

22    that Defendant sent the extremely small print report in bad faith, intended to burden, harass, and

23    intimidate the Insured and Plaintiff.

Infinity v. State Farm
(GetHab – Complaint)

Lindsey Law, PLLC
15501 N. Adeline Ln.
Spokane, WA 99208
P. 855.472.6225  F.888.938.1717

1      31.     Plaintiff alleges that Defendant's refusal to send direct email copies of certain

2    documents pertinent to the Claim and Defendant's partial denial/substantial undervaluation

3    thereof, and compelling Plaintiff to access various documents only through State Farm's

4    proprietary system with certain software, and complete failure to send other pertinent Claim

5    documents as requested by Plaintiff in the IFCA notice, unduly and unnecessarily delayed the

6    handling of the Claim and was a strategy undertaken by Defendant in bad faith, intended to

7    burden, harass, and intimidate the Insured and Plaintiff.

8      32.     At some point thereafter, Plaintiff was finally able to convert the small print

9    version of the Rimkus report into a readable letter size version so that Plaintiff could finally

10    analyze and digest the report's findings.

11      33.     Rimkus's inspection was performed with a pre-determined approach towards

12    denying the Claim. This is evidenced by Rimkus's failure to incorporate the full extent of covered

13    damages, as well as its inconsistent statements made about the Claim. Rimkus acknowledged

14    wind damage to several areas of the roofing system on the Property, similar/identical to

15    Defendant's initial adjustment of the Claim dated March 4, 2021, concluding that most of the

16    roofing system was "damaged" and merely suffered from age-related conditions and/or other

17    conditions not covered by the Policy. Further, the weather data in the Rimkus report indicates that

18    wind speeds up to 69 MPH occurred at the Property on January 13, 2021, the reported date of

19    loss. Despite the significant wind speeds on the date of loss, Rimkus misrepresented this fact and

20    attributed the wind/storm-related damages to non-covered conditions of the Property. Rimkus

21    underplayed the significance of the storm and ignored the damages caused from the high winds

22    from the January 13, 2021 storm. The damages were obvious to Rimkus from the outset of its

23    investigation but were intentionally ignored in Rimkus' analysis. Defendant relied on the Rimkus

Infinity v. State Farm
(GetHab – Complaint)

Lindsey Law, PLLC
15501 N. Adeline Ln.
Spokane, WA 99208
P. 855.472.6225  F.888.938.1717

1    report for the denial of Insured and Plaintiff's Claim. Not surprisingly, Rimkus, hired by

2    Defendant, simply served as a rubber-stamp for Defendant's incorrect determination.

3        34.    Defendant made inconsistent statements and misrepresented not only the covered

4    losses, but also pertinent facts stated in the Rimkus report. Defendant omitted and ignored the

5    Rimkus report recitation of the weather data that showed the wind speeds of the January 13, 2021

6    storm that impacted the Property and produced the storm-caused damages that are currently

7    observable on/at/to the Property. Instead, Defendant claimed that only minor repairs to the roofing

8    system were related to the storm-caused damage. These are all misrepresentations of the covered

9    losses that were used in the denial/undervaluation of the Insured and Plaintiff's Claim.

10        35.    Further misrepresentation of the covered losses and the Policy are exemplified by

11    Defendants repeated attempts to assign alleged age-related condition(s) of the Property ("long-

12    term, age-related deterioration," sometimes referred to as "wear and tear"), as the cause(s) of the

13    currently observable storm-caused damages. However, Insured did not file a claim for damages

14    related to these alleged conditions of the Property cited by Defendant - Insured's claim was for

15    storm-caused damages, for which the January 13, 2021 storm was the proximate cause.   When

16    applicable to evaluating storm-cased damages, a covered loss under the Policy, the Policy

17    explicitly states that: "age; condition; reduction in useful life; obsolescence; and any pre-loss

18    damage including wear, tear, or deterioration;" may be considered for determining depreciation

19    value applicable to the claim.  Plaintiff submits that depreciation value is the proper context for

20    Defendant to apply and address these alleged conditions, if true, in its analysis of the Claim.

21        36.    Pursuant to the "Suit Against Us" provision of the Policy, any breach of contract

22    claims against State Farm must be brought on or by January 13, 2021, within one year of the

23    applicable loss and for which Plaintiff now timely files this Complaint.

Infinity v. State Farm
(GetHab – Complaint)

Lindsey Law, PLLC
15501 N. Adeline Ln.
Spokane, WA 99208
P. 855.472.6225  F.888.938.1717

1        37.      Defendant misrepresented to Insured and Plaintiff that the damage to the Property

2    was not covered under the Policy, even though the damage was covered by the Policy. Defendant

3    failed to conduct a proper investigation of the Claim and made misrepresentations to Insured and

4    Plaintiff about the coverage of the Policy and material facts of the Claim. Thus, Defendant's

5    denial to fully compensate Insured and Plaintiff was a misrepresentation of the Policy.

6    Defendant's conduct, acts, and/or omissions constitute a violation of RCW 48.30.015 and WAC

7    284-30-330(1).

8        38.      Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable

9    settlement of the Claim, when Defendant's liability was reasonably clear. Specifically, Defendant

10    adjusted the entire Claim with an outcome-oriented approach and failed to commence a proper

11    investigation of the Claim. This resulted in Defendant's delayed completion of the investigation

12    of the Claim. Defendant's conduct, acts, and/or omissions constitute a violation of RCW

13    48.30.015 and WAC 284-30-330(6).

14        39.      Defendant failed to affirm or deny coverage of the Claim within a reasonable time.

15    Specifically, Insured and Plaintiff did not receive timely indication of acceptance or rejection,

16    regarding the full and entire Claim, in writing from Defendant, with adequate explanations for the

17    reasons behind its denial, in particular for storm-caused damage sustained by the Property.

18    Defendant continued to rely on misrepresentations in its completely absent or wholly inadequate

19    explanation and refused to adjust or fully account for the actual storm damage to the Property.

20    Defendant's conduct, acts, and/or omissions constitute a violation of RCW 48.30.015 and WAC

21    284-30-330(1) and (13).

22        40.      Defendant unreasonably denied the payment of benefits under the Policy for the

23    Claim and failing to conduct a reasonable investigation of the Claim. Rather, Defendant

Infinity v. State Farm
(GetHab – Complaint)

Lindsey Law, PLLC
15501 N. Adeline Ln.
Spokane, WA 99208
P. 855.472.6225  F.888.938.1717

1    performed an unreasonable outcome-oriented investigation of the Claim, which resulted in a

2    biased, unfair, and inequitable evaluation of the Claim. Further, Defendant continued to rely on

3    misrepresentations about the Policy and facts of the Claim, namely misrepresenting that certain

4    alleged conditions of the Property were the cause of the of the currently observable storm-caused

5    damages and failed to conduct proper investigations after being put on notice of the covered

6    losses at the Property. Defendant's conduct, acts, and/or omissions constitute a violation of RCW

7    48.30.015, WAC 284-30-330(1), and WAC 284-30-330(4).

8        41.        Defendant failed to accept or deny the full and entire Claim in good faith, promptly

9    or within a reasonable time of receiving all necessary information and liability had become

10   reasonably clear. Defendant failed to meet its obligations under WAC 284-30-330(6) regarding

11   prompt, fair, and equitable settlements of claims. Specifically, Defendant has delayed full

12   payment of the Claim longer than is reasonable, to date, Insured and Plaintiff have not yet

13   received full payment for the Claim required to fully indemnify Insured and repair the Property to

14   its pre-loss condition. The Property's covered damages under the Policy were and are obvious,

15   significant, and substantial and known to Defendant at the outset of the Claim investigation, yet

16   Defendant refused to comply with its obligations and make payments owed under the Policy.

17   Defendant's conduct, acts, and/or omissions constitute a violation of RCW 48.30.015, WAC 284-

18   30-330(1), and WAC 284-30-330(6).

19       42.        Defendant compelled Plaintiff (as assignee of Insured) to institute litigation to

20   recover amounts due under the Policy and Claim by offering substantially less than the true and

21   actual amount of loss which Plaintiff intends to prove at trial.  Defendant's conduct, acts, and/or

22   omissions constitute a violation of RCW 48.30.015 and WAC 284-30-330(7).

23       43.        From and after the time the Claim was presented to Defendant, the liability of

Infinity v. State Farm
(GetHab – Complaint)

Lindsey Law, PLLC
15501 N. Adeline Ln.
Spokane, WA 99208
P. 855.472.6225  F.888.938.1717

1    Defendant to pay the full Claim in accordance with the terms of the Policy was reasonably clear.

2    However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever

3    on which a reasonable insurance company would have relied on to deny the full payment.

4    Defendant's conduct, acts, and/or omissions constitute a breach of the common law duty of good

5    faith and fair dealing.

6        44.    Plaintiff's specific allegations of wrongful conduct, acts, and/or omissions by

7    Defendants are not exhaustive and are merely demonstrative of a pattern of wrongful conduct,

8    acts, and/or omissions by Defendant as will be proven at trial.

9        45.    Because of Defendant's wrongful conduct, acts, and/or omissions, Plaintiff was

10    forced to retain the professional services of the law firm who is representing Plaintiff with respect

11    to these causes of action.

12                    **CAUSES OF ACTION AGAINST DEFENDANT**

13        **A.    Breach of Contract.**

14        46.    Plaintiff incorporates the preceding allegations by reference and restates them as if

15    set forth fully herein.

16        47.    The Policy is a valid, binding, and enforceable contract between Plaintiff and

17    Defendant. Defendant breached the contract by refusing to perform its obligations under the terms

18    of the Policy and pursuant to Washington law. Defendant's breach proximately caused Plaintiff's

19    injuries and damages. All conditions precedent required under the Policy have been performed,

20    excused, waived, or otherwise satisfied by Plaintiff, or Defendant is estopped from raising the

21    issue due to Defendant's prior breach of the insurance contract.

22        **B.    Breach Of The Duty Of Good Faith And Fair Dealing.**

23        48.    Plaintiff incorporates the preceding allegations by reference and restates them as if

Infinity v. State Farm
(GetHab – Complaint)

Lindsey Law, PLLC
15501 N. Adeline Ln.
Spokane, WA 99208
P. 855.472.6225  F.888.938.1717

1    set forth fully herein.

2    49.    In Washington, every contract contains an implied covenant of good faith and fair

3    dealing.

4    50.    Defendant breached the common law duty of good faith and fair dealing owed to

5    Plaintiff by:

6        a.  Failing to treat the Insured and Plaintiff fairly;

7        b.  Failing to weigh the interests of the Insured and Plaintiff equally with its own;

8        c.  Acting deceptively;

9        d.  Failing to act with honesty and equity;

10       e.  Failing to fully investigate the Claim;

11       f.  Denying or delaying full payment on the Claim when Defendant knew or should have

12           known that its liability to Plaintiff was reasonably clear;

13       g.  Substantially undervaluing the damages, needed repairs, and amount of loss of the

14           Claim;

15       h.  Harassing Plaintiff by repeatedly providing small print documents at approximately

16           one-quarter (1/4) the size of normal letter size print, delaying delivery of certain Claim

17           related document, and refusing to provide certain Claim related documents;

18       i.  Prematurely closing the Claim; and

19       j.  Compelling Plaintiff to initiate litigation to obtain the benefits of the Policy.

20   51.    Defendant's conduct, acts, and/or omissions proximately caused Plaintiff's injuries

21   and damages.

22       **C.    Violations of Washington Insurance Fair Conduct Act.**

23   52.    Plaintiff incorporates the preceding allegations by reference and restates them as if

Infinity v. State Farm
(GetHab – Complaint)

Lindsey Law, PLLC
15501 N. Adeline Ln.
Spokane, WA 99208
P. 855.472.6225  F.888.938.1717

1   set forth fully herein.

2       53.      On or about June 10, 2021, Plaintiff caused the IFCA Notice to be delivered to

3   Defendant via US certified mail return receipt requested.

4       54.      On or about June 10, 2021, Plaintiff caused the IFCA Notice to be delivered to the

5   Washington State Office of the Insurance Commissioner via US certified mail return receipt

6   requested.

7       55.      The 3-business day mailing period and the 20-day notice period have elapsed.

8       56.      The conduct, acts, and/or omissions by Defendants constituted Unfair Claim

9   Settlement Practices in violation of WAC 284-30-330. See, e.g. Indus. *Indemn. Co. v. Kallevig*,

10   *114 Wash.2d 907, 921–22, 792 P.2d 520* (1990) ("A violation of WAC 284–30–330 constitutes a

11   violation of RCW 48.30.010(1), which in turn constitutes a per se unfair trade practice...").

12   Violations under this article are made actionable by RCW 48.30.015. Punitive damages may be

13   imposed pursuant to RCW 48.30.015(2).

14       57.      Defendants' unfair settlement practice(s), as described above, of unreasonably

15   denying payment for benefits by substantially undervaluing the Claim, wherein no payment shall

16   be made from Defendant to indemnify pursuant to the Policy, constitutes an unfair method of

17   competition and an unfair and deceptive act or practice in the business of insurance. WAC 284-

18   30-330(1).

19       58.      Defendant's unfair settlement practice(s), as described above, of failing to attempt

20   in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though

21   Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of

22   competition and an unfair and deceptive act or practice in the business of insurance. WAC 284-

23   30-330(6).

Infinity v. State Farm
(GetHab – Complaint)

Lindsey Law, PLLC
15501 N. Adeline Ln.
Spokane, WA 99208
P. 855.472.6225  F.888.938.1717

1    59.    Defendants' unfair settlement practice(s), as described above, of failing to

2    promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to

3    the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an

4    unfair method of competition and an unfair and deceptive act or practice in the business of

5    insurance WAC 284-30-330(13).

6    60.    Defendant's unfair settlement practice(s), as described above, of refusing to pay

7    Plaintiff's Claim without conducting a reasonable investigation, constitutes an unfair method of

8    competition and an unfair and deceptive act or practice in the business of insurance. WAC 284-

9    30-330(4).

10    61.    Defendant's conduct, acts, and/or omissions described above compelled Plaintiff to

11    initiate a lawsuit to recover amounts due under the Policy by offering substantially less than the

12    amount ultimately recovered, compelling Plaintiff to file suit, constitutes an unfair method of

13    competition and an unfair and deceptive act or practice in the business of insurance.  WAC 284-

14    30-330(7).

15    **D.    Violations of Washington Consumer Protection Act.**

16    62.    Plaintiff incorporates the preceding allegations by reference and restates them as if

17    set forth fully herein.

18    63.    The conduct, acts, and/or omissions by Defendant described above, together, and

19    singularly, in denying full payment on the Claim as described in this Complaint constitute a

20    breach of the Washington State Consumer Protection Act, Chapter 19.86 RCW. Plaintiff meets all

21    of the elements necessary to make claims against Defendant under the Washington Consumer

22    Protection Act:  1) Defendant engaged in an unfair or deceptive act or practice; 2) the unfair or

23    deceptive act occurred in trade or commerce; 3) the unfair or deceptive act impacts public

Infinity v. State Farm
(GetHab – Complaint)

Lindsey Law, PLLC
15501 N. Adeline Ln.
Spokane, WA 99208
P. 855.472.6225  F.888.938.1717

1    interest; and 4) Plaintiff was damaged as a result of Defendant's act.

2    64.    Defendant's sale of the Policy was an act that occurred in trade or commerce.

3    65.    Defendant violated insurance regulations.

4    66.    Defendant violated Washington law.

5    67.    Defendant's violation of insurance regulations violated the Washington Consumer

6    Protection Act.

7    68.    Defendant acted in an unfair and deceptive manner when handling the Claim.

8    69.    Defendant acted in an unfair and deceptive manner by misrepresenting pertinent

9    facts or insurance policy provisions.

10    70.    Defendant acted in an unfair and deceptive manner by refusing to pay the Claim

11    without conducting a reasonable investigation.

12    71.    Defendant acted in an unfair and deceptive manner when it denied, partially

13    denied, and/or substantially undervalued the Claim.

14    72.    Defendant acted in an unfair and deceptive manner by compelling Plaintiff to

15    initiate litigation to recover amounts due under the Policy.

16    73.    Defendant acted in an unfair and deceptive manner by failing to promptly provide

17    a reasonable explanation of the basis  for Defendant's denial/partial-denial/substantial

18    undervaluation of the Claim.

19    74.    Insurance is a matter which impacts public interest.

20    75.    Plaintiff was harmed as a result Defendant's unfair and/or deceptive acts.

21    76.    Therefore, Plaintiff is entitled to and may receive all damages and remedies,

22    including actual damages, injunctive relief, cost of suit, reasonable attorney's fees, and an

23    increase of the total damages to an amount not to exceed three times the actual damages, pursuant

Infinity v. State Farm
(GetHab – Complaint)

Lindsey Law, PLLC
15501 N. Adeline Ln.
Spokane, WA 99208
P. 855.472.6225  F.888.938.1717

1    to the provisions of the Washington Consumer Protection Act.

2    **<u>DAMAGES</u>**

3    77.    Plaintiff will show that all the aforementioned conduct, acts, and/or omissions by

4    Defendant, taken together or singularly, constitute the producing causes of the damages sustained

5    by Plaintiff.

6    78.    For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's

7    bargain, which is the amount of Plaintiff's claim, together with attorney fees.

8    79.    For noncompliance with the Washington Insurance Fair Conduct Act and

9    Washington Consumer Protection Act, Plaintiff is entitled to actual damages, which include the

10   loss of the benefits that should have been paid pursuant to the Policy, costs of the action, actual

11   and statutory litigation costs, including expert witness fees, and attorneys' fees. Plaintiff asks for

12   three (3) times Plaintiff's actual damages as punitive damages. RCW 48.30.015(2).

13   80.    Defendant's conduct, acts, and/or omissions, caused damage to Plaintiff, for which

14   Plaintiff is entitled to compensatory damages, including all forms of loss resulting from

15   Defendant's breach of contract, breach of the common law duty of good faith and fair dealing,

16   and violations of the Washington Insurance Fair Conduct Act and Washington Consumer

17   Protection Act, such as additional costs, economic hardship, losses due to nonpayment of the

18   amount the insurer owed, and exemplary damages.

19   81.    For the prosecution and collection of this claim, Plaintiff has been compelled to

20   engage the services of the law firm(s) whose names are subscribed to this pleading. Therefore,

21   Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's

22   attorneys in the preparation and trial of this action, including any appeals. RCW 48.30.015(1) and

23   (3).  See, e.g., *Olympic Steamship Co. v. Centennial Insurance Co., Wn.2d 37, 51-53 811 P.2d*

Infinity v. State Farm
(GetHab – Complaint)

Lindsey Law, PLLC
15501 N. Adeline Ln.
Spokane, WA 99208
P. 855.472.6225  F.888.938.1717

1    *673 (1991), and McGreevy v. Oregon Mutual Insurance Co., 128 Wn.2d 26, 37, 904 P.2d 731*

2    *(1995).*

3                                    **JURY DEMAND**

4    82.        Plaintiff hereby requests a trial by jury on all issues so triable.

5                                       **PRAYER**

6    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff have

7    and recover, and that the Court grant, an award to Plaintiff from Defendant for:

8        (A)    such sums as would reasonably and justly compensate Plaintiff in accordance with

9               the rules of law and procedure, both as to actual damages, compensatory damages,

10              and consequential damages, as well as all punitive and exemplary damages as may

11              be found;

12       (B)    Plaintiff's attorney's fees for the trial and any appeal of this case;

13       (C)    Plaintiff's costs of the action, actual and statutory litigation costs, including expert

14              witness fees, expended on Plaintiff's behalf;

15       (D)    Pre-judgment and post-judgment interest as allowed by law; and

16       (E)    Any other and further relief, either at law or in equity, to which Plaintiff may show

17              itself to be justly entitled.

18

19

20

21

22

23

Infinity v. State Farm
(GetHab – Complaint)

Lindsey Law, PLLC
15501 N. Adeline Ln.
Spokane, WA 99208
P. 855.472.6225  F.888.938.1717

1

2

3

4

5

6

7

8

9

10

11

12

13

14

Respectfully submitted,

**LINDSEY LAW, PLLC**

By: _____
WSBA #54535
15501 N. Adeline Ln.
Spokane, WA 99208
855.472.6525 – Ofc Telephone
888.938.1717 – Facsimile
travis@lindseypllc.com

**ATTORNEY FOR PLAINTIFF**
**INFINITY ROOFING & SIDING, INC.**

Infinity v. State Farm
(GetHab – Complaint)

Lindsey Law, PLLC
15501 N. Adeline Ln.
Spokane, WA 99208
P. 855.472.6225  F.888.938.1717

Insurance Commissioner
**ACCEPTED SOP**
JAN 2 5 2022
TIME:

1

2

FILED
1/13/2022
Timothy W Fitzgerald
Spokane County Clerk

3

4

5

6

7

8

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

| INFINITY ROOFING & SIDING, INC., | CAUSE NO. **22-2-00133-32** |
|---|---|
| Plaintiff, | |
| v. | **DEMAND FOR JURY** |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant, | |

9

10      THE PLAINTIFF hereby elects to have the above entitled cause tried by a jury.  The

11   $250.00 jury demand fee is hereby paid.

12      DATED this 13th day of January 2022.

13

14

15

16

17

18

Page 1 of 2

Infinity v. State Farm
(GetHab – Jury Demand)

Lindsey Law, PLLC
15501 N. Adeline Ln.
Spokane, WA 99208
P. 855.472.6225  F.888.938.1717

1

**LINDSEY LAW, PLLC**

2

3        By: _____
4        WSBA #54535
5        15501 N. Adeline Ln.
6        Spokane, WA 99208
7        855.472.6525 – Ofc Telephone
8        888.938.1717 – Facsimile
9        travis@lindseypllc.com
10

11       **ATTORNEY FOR PLAINTIFF**
12       **INFINITY ROOFING & SIDING, INC.**
13

Infinity v. State Farm
(GetHab – Jury Demand)

Lindsey Law, PLLC
15501 N. Adeline Ln.
Spokane, WA 99208
P. 855.472.6225  F.888.938.1717

Insurance Commissioner
**ACCEPTED SOP**
JAN 2 5 2022
TIME: 8AM

**FILED**

JAN 1 2 2022

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

(Copy Receipt)          Clerk's Date Stamp



**SUPERIOR COURT OF WASHINGTON**
**COUNTY OF SPOKANE**

INFINITY ROOFING & SIDING INC

**Plaintiff(s)/Petitioner(s),**

**vs.**

STATE FARM FIRE AND CASUALTY COMPANY

**Defendant(s)/Respondent(s).**

**JUDGE MARYANN C. MORENO 92**

CASE NO.  22-2-00133-32

**CASE ASSIGNMENT NOTICE AND
ORDER (NTAS)**

**CASE STATUS CONFERENCE DATE:
APRIL 15, 2022 AT 8:30 AM**

<u>**ORDER**</u>

YOU ARE HEREBY NOTIFIED that this case is preassigned for all further proceedings to the judge noted above.   <u>**You are required to attend a Case Status Conference before your assigned judge on the date also noted above.   The Joint Case Status Report must be completed and brought to the Status Conference.  A Case Schedule Order, with the trial date, will be issued at the Status Conference.**</u>

Under the individual calendar system, the court will operate on a four-day trial week.  Trials will commence on Monday, Tuesday, Wednesday or Thursday.  Motion Calendars are held on Friday.  All motions, other than ex parte motions, must be scheduled with the assigned judge.  Counsel must contact the assigned court to schedule motions and working copies of all motion pleadings must be provided to the assigned court at the time of filing with the Clerk of Court.  Pursuant to LCR 40 (b) (10), motions must be confirmed no later than 12:00 noon three days before the hearing by notifying the judicial assistant for the assigned judge.

Please contact the assigned court to schedule matters regarding this case.  You may contact the assigned court by phone, court department e-mail or through the Spokane County Superior Court web page at <u>http://www.spokanecounty.org/1140/Superior-Court</u>

**DATED: 01/12/2022**

JULIE M. MCKAY
PRESIDING JUDGE

**NOTICE:  The plaintiff shall serve a copy of the Case Assignment Notice on the defendant(s).**

CASE ASSIGNMENT NOTICE      LAR 0.4.1(b)    (4/2001)   CASGN                                Page 1 of 1